UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ADMIRAL AND MRS. JAMES LISANBY                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 1:05cv660-LTS-RHW

UNITED SERVICES AUTOMOBILE                                        DEFENDANTS
ASSOCIATION, AND JOHN DOES 1-10

**ORDER OF REMAND**

On August 24, 2006, this Court issued a [35] Memorandum Opinion with respect to Defendant United Services Automobile Association's (USAA) Motions to Dismiss.  An excerpt from that opinion reads:

> The original Complaint was filed in the Chancery Court of Jackson County, Mississippi.  USAA removed this action [1] on federal question jurisdiction on the basis that Plaintiffs purchased a flood insurance policy from USAA under the National Flood Insurance Program.  The Plaintiffs also maintained homeowners policy no. 00012 85 02 95A sold by USAA, which is attached to the Complaint as Exhibit "A."  *Diversity jurisdiction is present, also, since Plaintiffs are adult resident citizens of Pascagoula, Mississippi, and USAA is organized and exists under the laws of the State of Texas, with its principal office and place of business in San Antonio.*  The insurance coverage afforded by and sought under the homeowners policy satisfies the jurisdictional amount requirement.

(Emphasis added).

USAA objects to the italicized language because its position is that it "has never maintained that diversity jurisdiction was proper in the present case and USAA's removal of this case to this Court was based solely on federal question jurisdiction."  USAA has filed a [40] Motion for Relief From Order Under Rule 60 requesting that the Court's [35] opinion "be amended to remove any reference to diversity jurisdiction in the present case."  The factual support for this [40] motion is that "USAA is . . . an unincorporated association and is deemed to be a citizen of every state in which it has members . . . Because USAA has members in Mississippi, there cannot be diversity jurisdiction in this action."  The Court presumes that it is USAA's position that the Plaintiffs, who are Mississippi residents, are members who destroy diversity of citizenship.

Plaintiffs have not responded to [40].  Uniform Local Rule 7.2(c)(2) provides: "If a party fails to respond to any motion, other than a motion for summary judgment, within the time

allotted, the court may grant the motion as unopposed." But even if the Court were to apply this local rule, it hesitates to simply correct its [35] Memorandum Opinion because it is left with the more serious issue of whether it has jurisdiction over this cause of action, which is based on a claim for benefits under the homeowners contract of insurance and not the flood policy.

This is not the first time this issue has been raised in this Court. In *McIlwain v. United Services Automobile Associates d/b/a USAA*, Civil Action No. 1:06cv577, USAA filed a Motion for Determination of Subject Matter Jurisdiction in which it argued that there was no diversity between it and the Plaintiffs. It went on to state that "USAA believes that a good faith argument in favor of federal question jurisdiction under the National Flood Insurance Program exists, as the plaintiffs seek reformation of the USAA homeowner's policy to cover flood losses. However, USAA recognizes that this Court has rejected that argument in other cases." (Citations omitted). Plaintiffs' response in that case was a Motion to Voluntarily Dismiss under Fed. R. Civ. P. 41, which was granted without objection. The same essential result occurred in *Korndorffer v. United Services Automobile Association d/b/a USAA*, Civil Action No. 1:06cv633; and *Davis v. USAA Casualty Insurance Company*, Civil Action No. 1:06cv879.

In none of these cases did the Court express an opinion on Defendant's position that diversity does not exist, but, accepting it as correct, this Court is without subject matter jurisdiction. Because this case reached this Court by way of removal, remand is appropriate.

Accordingly, **IT IS ORDERED**:

This cause of action is hereby **REMANDED** to the Chancery Court of Jackson County, Mississippi;

The Clerk of Court shall take the steps necessary to return this cause of action to the court from which it was removed;

Defendant's [40] Motion for Relief from Order Under Rule 60 is **MOOT**.

**SO ORDERED** this the 8th day of November, 2006.


                                    S/ L. T. SENTER, JR.
                                    SENIOR JUDGE